11-1764-pr
Gallaway v. Turner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> BRIAN M. COGAN,
> > *District Judge*.[*]

_____

Derrick Gallaway,

> *Plaintiff-Appellant*,

> v.                                          11-1764-pr

Donald Turner, Alpha Chapman, Renee Gallaway,

> *Defendants-Appellees*.

_____

_____

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR APPELLANT:**        Derrick Gallaway, *pro se*, Folsom, Cal.

**FOR APPELLEES:**        No Appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Derrick Gallaway, *pro se*, appeals from the district court's *sua sponte* dismissal of his complaint for lack of subject matter jurisdiction as well as the district court's denial of his request for an extension of time to file a motion requesting leave to file an amended complaint.  While Gallaway's notice of appeal refers to the district court's order, dated March 15, 2011, denying Gallaway's request for an extension of time, we interpret his appeal before this Court as challenging the district court's underlying dismissal of his complaint as well. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account.").  We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review "the district court's . . . *sua sponte* . . . dismiss[al] for lack of subject matter jurisdiction . . . *de novo*." *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001) (per curiam).  "We review a district court's [denial of an] extension of time for abuse of discretion."

2

*Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004).

Gallaway, however, has presented no specific arguments challenging the district court's determination that it lacked subject matter jurisdiction to consider his complaint, or that the court erred by denying his request for an extension of time. Therefore, he has abandoned any potential claims on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (noting that, although "appellate courts generally do not hold *pro se* litigants rigidly to . . . formal briefing standards," "we need not manufacture claims of error for an appellant proceeding *pro se*"); *see also JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk